O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THERESA SANDOVAL, | ) | Case No. CV 14-07478 DDP (MRWx) |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR SANCTIONS** |
| v. | ) | [Dkt. No. 45] |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) | |
| Defendants. | ) | |

Defendant moves for sanctions under Illinois Supreme Court Rule 137, a state analogue of FRCP 11, alleging that Plaintiff's Complaint contains "material misrepresentations." (Mot. Sanctions at 4:1.) Having considered the parties' submissions, the Court adopts the following order.

**I. BACKGROUND**

Plaintiff was prescribed and used Defendant's drug Zometa. (Compl. ¶¶ 1-2.) Plaintiff alleges that the drug caused her to suffer "severe osteonecrosis of the jaw." (Id. at ¶ 2.) Plaintiff also alleges that Defendant has known about the possibility that Zometa might cause osteonecrosis since around 2002 but failed to

provide any warning to consumers prior to 2004 and has yet to provide any adequate warning. (Id. at ¶ 25.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 provides that an attorney, by signing or "later advocating" any paper, certifies that factual contentions in the paper "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The Ninth Circuit has held that Rule 11 sanctions may be imposed for representations in a filing in state court *only* if the plaintiff later urges the same facts or allegations in federal court. Pollard v. City & Cnty. of San Francisco, 261 F. App'x 16, 17 (9th Cir. 2007); Buster v. Greisen, 104 F.3d 1186, 1190 n. 4 (9th Cir.1997).

At this point, it is unclear whether courts in the Ninth Circuit may apply state sanctions rules to removed complaints when Rule 11 is inapplicable. One bankruptcy judge in this district has done so. Wolf v. Kupetz (In re Wolf & Vine, Inc.), 118 B.R. 761, 768 (Bankr.C.D.Cal.1990). An unpublished opinion of the Ninth Circuit bankruptcy panel cited approvingly to Wolf. In re Roth, No. ADV.08-04050, 2009 WL 7751410, at *8 (B.A.P. 9th Cir. June 10, 2009) aff'd as to other matters, 431 F. App'x 541 (9th Cir. 2011). No published circuit opinion, however, confirms the practice, and the Court has been unable to find any other district-level court applying state sanctions.[1]

---

[1] Defendant cites to Hurd v. Ralphs Grocery Co., 824 F.2d 806, 808-09 (9th Cir. 1987), for the proposition that "when an action is filed in state court and removed, state court rules govern sanctions." (Def.'s Mem. P. & A. at 4:10-12.) The citation is inapposite for two reasons. First, Hurd does not mention the
(continued...)

2

**III. DISCUSSION**

Defendant's motion for sanctions relates to particular allegations in paragraph 25 of the Complaint, which was filed in state court. That paragraph reads, in pertinent part:

> On information and belief, Novartis had . . . information as to adverse effects caused by its drug Zometa . . . . Nevertheless, Novartis did not undertake to advise physicians, notify the consuming public or place information about the possibility of suffering osteonecrosis of the jaw on their products until September of 2004, after Plaintiff had already began [sic] receiving infusions of . . . Zometa. Novartis did not undertake to notify dental professionals until May of 2005. These efforts to date by Novartis are not adequate to provide the public and healthcare professionals with the information needed to understand the risks . . . .

(Compl. ¶ 25.)

Defendant alleges that the paragraph is inaccurate because Plaintiff was actually prescribed Zometa for the first time in 2009, and because it started putting warnings on the drug's label in 2003. (Def.'s Mem. P. & A. at 2-3.) Plaintiff, however, now maintains that the sentence in question is the result of a "scrivener's error," and that the real thrust of the complaint – that Defendant's warnings were inadequate – is contained in the sentence immediately after the contested one. (Opp'n at 6.) The

---

[1](...continued)
application of state sanctions rules – it merely states that "sanctions cannot be imposed under rule 11 for filing a paper in state court." Hurd, 824 F.2d at 808. Second, Hurd is partially overruled by Buster, which modifies the rule in light of 1993 amendments to Rule 11. Buster, 104 F.3d at 1190 n. 4.

3

Court therefore finds that Plaintiff is no longer "advocating" for the disputed factual allegations in paragraph 25. Thus, Rule 11 does not apply.

The Court also declines to apply Ill. Sup. Ct. Rule 137, a state court analogue to Rule 11. First, as noted above, the practice of applying state court rules in removal cases is not well-established in the Ninth Circuit. Second, it does not appear from Defendant's motion that Plaintiff's attorneys' error was so egregious that sanctions are warranted. By Defendant's own account, a warning about osteonecrosis was placed *somewhere* on the label in 2003, but was not placed in the *precautions* section of the label until September 2004. (Def.'s Mem. P. & A. at 5:20-22.) As the precautions section of a drug label is the logical place to look for a precaution about side effects of the drug, Plaintiff's attorneys' assertion that the warning did not appear until September 2004, even if in error, was not the result of an *unreasonable* inquiry into the facts – the standard required for sanctions under Rule 137.[2] As to the assertion that Plaintiff began using the drug in 2004, rather than 2009, Plaintiff's counsel does not continue to advocate for it and states that the statement was a "scrivener's error" or typo. (Opp'n at 6.) The Court will not impose sanctions for good faith technical errors.

Many complaints contain errors of fact; the proper vehicles for rectifying these errors are usually motions to dismiss and

---

[2] "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and *belief formed after reasonable inquiry* it is well grounded in fact . . . ." Ill. S. Ct. Rule 137 (emphasis added).

4

motions for summary judgment. Motions for sanctions should be reserved for instances of serious attorney misconduct.

**IV. CONCLUSION**

The Motion for Sanctions is DENIED.

IT IS SO ORDERED.

Dated: February 24, 2015

DEAN D. PREGERSON
United States District Judge